Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff: CARMEN JOHN PERRI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>               Plaintiff,<br><br>v.<br><br>BOGOS KOSEDAG and SILVA KOSEDAG, individually and as Trustees of THE KOSEDAG 2006 FAMILY TRUST DATED 12/21/2006; and DOES 1-10, inclusive,<br><br>               Defendants. | **Case No**.<br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*.** |

Plaintiff, CARMEN JOHN PERRI ("Plaintiff"), complains of Defendants BOGOS KOSEDAG and SILVA KOSEDAG, individually and as Trustees of THE KOSEDAG 2006 FAMILY TRUST DATED 12/21/2006; and Does 1-10

1

COMPLAINT

1 ("Defendants") and alleges as follows:

2 **PARTIES**

3    1.    Plaintiff's musculoskeletal and neurological systems are impaired.

4 These impairments result in weakness, fatigue, pain, and loss of strength in his arms,

5 hands, and legs.  He has also developed permanent nerve damage that has caused

6 increased pain and limits his ability to function and limits his mobility, especially for

7 any extended period of time.  He is substantially limited in performing one or more

8 major life activities, including but not limited to: walking, standing, ambulating,

9 and/or sitting.  Plaintiff's circulatory and cardiovascular systems are impaired.

10 Specifically, Plaintiff has been diagnosed with Atrial Fibrillation.  This substantially

11 limits his ability to walk, stand, ambulate, breath, sit, or otherwise function.  As a

12 result of his impairments, he is subject to falls, unsteady on his feet, cannot walk for

13 any significant distance without having to periodically rest, and often relies upon

14 mobility devices to ambulate including a cane, walker, or wheelchair.  With such

15 disabilities, Plaintiff qualifies as a member of a protected class under the Americans

16 with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments

17 Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set

18 forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendants'

19 facility and prior to instituting this action, Plaintiff suffered from a "qualified

20 disability" under the ADA, including those set forth in this paragraph.  Plaintiff is

21 also the holder of a Disabled Person Parking Placard.

22    2.    Plaintiff is informed and believes and thereon alleges that Defendant

23 BOGOS KOSEDAG and SILVA KOSEDAG, individually and as Trustees of THE

24 KOSEDAG 2006 FAMILY TRUST DATED 12/21/2006, owned the property

25 located at 2413 Pacific Coast Highway #102, Lomita, California 90717 ("Property")

26 on or around January 29, 2020.

27    3.    Plaintiff is informed and believes and thereon alleges that Defendant

28 BOGOS KOSEDAG and SILVA KOSEDAG, individually and as Trustees of THE

KOSEDAG 2006 FAMILY TRUST DATED 12/21/2006, owns the Property currently.

4.     Plaintiff does not know the true name of Defendants, its business capacity, its ownership connection to the Subject Property serving Nouilles of 3rds ("Business"), or its relative responsibilities in causing the access violations herein complained of.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

6.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, **(**"UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

8.     Plaintiff went to the Business on or about January 29, 2020 for the dual purpose of purchasing food and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

9.     The Business is a facility open to the public, a place of public accommodation, and a business establishment.

1

2

10.     Parking spaces are one of the facilities, privileges and advantages reserved by Defendants to persons at the property serving the Business.

3

4

5

6

11.     Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on January 29, 2020.

7

8

9

10

11

12

13

14

15

16

17

12.     At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5).  Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1); an accessible parking space that does not contain compliant accessible parking signage (Section 502.6); an accessible access aisle that is not clearly marked (Section 502.3.3); a sink that does not have adequate clear floor space, positioned for a forward approach (Section 606.2); a toilet seat cover dispenser that is too high according to ADAAG specifications (Section 308); a mirror that is too high according to ADAAG specifications (Section 603.3); and, a towel dispenser that is too high according to ADAAG specifications (Section 308).

18

19

20

13.     Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

21

22

23

14.     Plaintiff is informed and believes and thereon alleges Defendants had no policy or plan in place to make sure that there was compliant accessible parking reserved for persons with disabilities prior to January 29, 2020.

24

25

26

15.     Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

27

28

16.     Plaintiff personally encountered these barriers.  The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible

4

COMPLAINT

1   conditions at public place of accommodation and invades legally cognizable

2   interests created under the ADA.

3        17.   The conditions identified *supra* in paragraph 12 are necessarily related

4   to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in

5   the major life activities of walking, standing, ambulating, and sitting; Plaintiff is the

6   holder of a disabled parking placard; and because the enumerated conditions relate

7   to the use of the accessible parking, relate to the slope and condition of the

8   accessible parking and accessible path to the accessible entrance, relate to the

9   proximity of the accessible parking to the accessible entrance, and relate to the use

10  of the accessible restroom.

11       18.   As an individual with a mobility disability who at times relies upon a

12  wheelchair or other mobility devices, Plaintiff has a keen interest in whether public

13  accommodations have architectural barriers that impede full accessibility to those

14  accommodations by individuals with mobility impairments.

15       19.   Plaintiff is being deterred from patronizing the Business and its

16  accommodations on particular occasions, but intends to return to the Business for the

17  dual purpose of availing himself of the goods and services offered to the public and

18  to ensure that the Business ceases evading its responsibilities under federal and state

19  law.

20       20.   Upon being informed that the public place of accommodation has

21  become fully and equally accessible, he will return within 45 days as a "tester" for

22  the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement*

23  *Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

24       21.   As a result of his difficulty experienced because of the inaccessible

25  condition of the facilities of the Business, Plaintiff was denied full and equal access

26  to the Business and Property.

27       22.   The Defendants have failed to maintain in working and useable

28  conditions those features required to provide ready access to persons with

1    disabilities.

2        23.    The violations identified above are easily removed without much

3    difficulty or expense.  They are the types of barriers identified by the Department of

4    Justice as presumably readily achievable to remove and, in fact, these barriers are

5    readily achievable to remove.  Moreover, there are numerous alternative

6    accommodations that could be made to provide a greater level of access if complete

7    removal were not achievable.

8        24.    Given the obvious and blatant violation alleged hereinabove, Plaintiff

9    alleges, on information and belief, that there are other violations and barriers in the

10   site that relate to his disability.  Plaintiff will amend the complaint, to provide proper

11   notice regarding the scope of this lawsuit, once he conducts a site inspection.

12   However, the Defendants are on notice that the Plaintiff seeks to have all barriers

13   related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008)

14   (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to

15   have all barriers that relate to his disability removed regardless of whether he

16   personally encountered them).

17       25.    Without injunctive relief, Plaintiff will continue to be unable to fully

18   access Defendants' facilities in violation of Plaintiff's rights under the ADA.

19                           **FIRST CAUSE OF ACTION**

20   **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**

21      **42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008**

22                                **(P.L. 110-325)**

23       26.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged

24   above and each and every other paragraph in this Complaint necessary or helpful to

25   state this cause of action as though fully set forth herein.

26       27.    Under the ADA, it is an act of discrimination to fail to ensure that the

27   privileges, advantages, accommodations, facilities, goods, and services of any place

28   of public accommodation are offered on a full and equal basis by anyone who owns,

1  leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).

2  Discrimination is defined, inter alia, as follows:

3        a.    A failure to make reasonable modifications in policies, practices,

4              or procedures, when such modifications are necessary to afford

5              goods, services, facilities, privileges, advantages, or

6              accommodations to individuals with disabilities, unless the

7              accommodation would work a fundamental alteration of those

8              services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

9        b.    A failure to remove architectural barriers where such removal is

10             readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

11             defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

12             Appendix "D".

13       c.    A failure to make alterations in such a manner that, to the

14             maximum extent feasible, the altered portions of the facility are

15             readily accessible to and usable by individuals with disabilities,

16             including individuals who use wheelchairs, or to ensure that, to

17             the maximum extent feasible, the path of travel to the altered area

18             and the bathrooms, telephones, and drinking fountains serving

19             the area, are readily accessible to and usable by individuals with

20             disabilities.  42 U.S.C. § 12183(a)(2).

21     28.    Any business that provides parking spaces must provide accessible

22 parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles

23 shall be at the same level as the parking spaces they serve.  Changes in level are not

24 permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in

25 all directions to provide a surface for wheelchair transfer to and from vehicles." 2010

26 Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the

27 designated disabled parking space is a violation of the law and excess slope angle in

28 the access pathway is a violation of the law.

29.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

30.     Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

31.     Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

32.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

33.     California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq*.

34.     Because Defendants violate Plaintiff's rights under the ADA, Defendants also violated the UCRA and are liable for damages.  (Civ. Code § 51(f), 52(a).)   These violations are ongoing.

35.     Plaintiff is informed and believes and thereon alleges that Defendants' actions constitute discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq*., because Defendants have been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff.  Despite this knowledge, Defendants maintain its premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

**PRAYER**

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.      A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act (Cal. C.C. §54) at all.

2.      An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3.      An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.      For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: February 7, 2020                    **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Attorney for Plaintiff

9
COMPLAINT